UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

HENRY C. LATHAM,
                                                MEMORANDUM AND ORDER
                Plaintiff,         10-CV-3445 (JG)

      -against-

JOHN[1],

                Defendant.
-------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

        *Pro se* plaintiff Henry C. Latham filed this action on July 26, 2010. I grant his request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Because I am unable to determine what claim he is advancing, I dismiss the complaint without prejudice.

## STANDARD OF REVIEW

        In reviewing plaintiff's complaint, I am mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

---

[1] The name of the defendant(s) is largely illegible.

1

Moreover, because plaintiff is proceeding *pro se*, the court must liberally construe his pleadings, and must interpret his complaint to raise the strongest arguments it suggests. *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim shower that the pleader is entitled to relief." Rule 8 does not require much, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Once again, Latham's complaint fails this test. As in previous cases, he has filed a sample complaint form and has left the area under the heading "Statement of Claim" blank. He has attached an additional page to his complaint, but this page is unintelligible and illegible.[2]

---

[2] Latham has filed at least nine other incomprehensible complaints in this court. *See Latham v. New York Harbor et al.*, 10-CV-2768 (JG)*; Latham v. Transit Authority Civil*, 10-CV-2047 (JG) (dismissed without prejudice on July 26, 2010); *Latham v. John*, 09-CV-3398 (JG) (dismissed without prejudice on August 20, 2009 as unintelligible); *Latham v. Transit Authority Civil*, 09-CV-1009 (JG) (dismissed without prejudice on July 16, 2009 because the complaint was unintelligible); *Latham v. Civil Gov't Transit Bldg.*, 08-CV-2522 (JG) (dismissed without prejudice on July 17, 2008 because the Court was unable to discern the basis of his claim); *Latham v. VA Outpatient Hospital et al.*, 06-CV-6758 (DGT) (dismissed by order dated January 11, 2007, for failure to state claim on which relief may be granted); *Latham v. Kingsboro Psychiatric Center*, 06-CV-1140 (DGT) (dismissed by order dated April 5, 2006, for failure to state claim on which relief may be granted); *Latham v. New York Psychotherapy*, 04-CV-2945 (DGT) (dismissed by order dated September 3, 2004, for failure to state claim on which relief may be granted); *Latham v. Iappil et al.*, 02-CV-2523 (DGT) (dismissed by order dated June 27, 2002).

CONCLUSION

The complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  *In forma pauperis* status is denied for purpose of an appeal because any appeal from this order would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

        So Ordered.

        John Gleeson, U.S.D.J.

Date:   August 26, 2010
        Brooklyn, New York